## Case No. 4,289.

### The EDWARD.

[1 Blatchf. & H. 286.][1]

District Court, S. D. New York. Feb. 12, 1832.

---

[1] [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

John B. Staples, for libellant.
George F. Talman, for claimant.

BETTS, District Judge. The motion to dismiss the libel, in this case, rests on the ground that the action was prematurely brought, the vessel not being fully discharged at the time. The action is not for wages upon the voyage now ending, but for those earned on a previous voyage, fully terminated long since. The vessel left the port of delivery, where the voyage now in question ended, without payment of the wages earned during that voyage. Accordingly, the case is directly within the words of reservation in the statute. The restriction on the right of action applies only when the vessel, on the termination of the voyage, remains at her port of unlading, and is intended for the benefit of the shipowner, that he may be enabled to ascertain that his cargo is delivered without embezzlement, and to collect his freight before being obliged to make disbursements for wages. The seaman is bound to delay his action, that the owner may secure those advantages. It is plain that the act has relation only to the specific voyage and services for which the suit is brought; and, when the vessel has accomplished one voyage with full unlivery of her cargo, it matters not that she has made other voyages, and, when proceeded against, happens to be again in the same port at which the voyage sued for terminated and the wages claimed were payable. Those wages have no connection with the after employment of the vessel, or the after service of the libellant. The vessel will, in respect to such service, be considered as having left the port of delivery on an after voyage, equally as if she were

found and sued in a different port. The "last port of delivery," designated in the act of congress, necessarily means the port of final delivery of the specific cargo upon which the wages accrued, and in respect of which the suit is brought. There is, accordingly, nothing in this branch of the defence.

I think, also, that the claimant, by appearing and contesting the claim upon the merits, must be deemed to have waived all right of exception to the regularity of the proceedings. Proofs have been taken by both parties under the issue joined, and, after that, the claimant cannot be permitted to allege that the libellant instituted his action without observing the requisite formalities. The claimant can take no higher advantages by this motion than he could under a plea in abatement, or under a declinatory exception of that character; and such objection to a prior irregularity is not regarded by the courts after full contestation of the action upon the merits. 2 Browne, Civ. & Adm. Law (Ed. 1799) 30, 89, 104, et seq.; Pothier, Analyse des Pand. 360, 361.

Motion denied, with costs.